CURTIS and others, Trustees, &c. *v.* BALLAGH and another, Infants, &c.

Where it is very doubtful whether executors have power to make a mortgage under which there has been a foreclosure sale and enrolled decree and the testator, making the will, left infant children who had appeared by a guardian *ad litem*, but the latter had only put in a general answer and had not raised any defence and the purchaser of the property refused to take, fearing the children's rights: *The court* allowed the decree to be opened and decree vacated, with leave for the infants (one of whom had come of age) to put in a new answer to set up the defence of the invalidity of the mortgage.

PETITION to open enrolment and to vacate the decree. The petition stated that the bill in the cause was filed against the petitioners and the rest of the defendant son the twentieth day of June one thousand eight hundred and forty-two, for the foreclosure of a mortgage alleged to have been executed by Hannahrietta C. Ballagh, George D. Strong, William Ballagh, John S. McKibbin and Oliver Woodruff, executrix and executors of James Ballagh, deceased, the father of the petitioners, and prayed a sale of the mortgaged premises in the usual form. That the complainants petitioned to have a guardian *ad litem* appointed for them; and, on the twenty-eighth day of October one thousand eight hundred and forty-two, an order *nisi* for that purpose was entered. That, on the ninth day of November in the said last mentioned year, G. J. McC. was, by the order of this court, appointed guardian *ad litem* of the petitioners, who were both, then, infants. That the answer of the petitioners was filed by the said guardian *ad litem* on the twenty-eighth day of December in the said last mentioned year, but that the said answer was general and in the usual form and contained no statement of the right, title, claim or interest of your petitioners in the lands and tenements embraced in the said mortgage, nor any statement of any specific defence whatever. That the bill of complaint having been taken as confessed against all the other defendants, except Rebecca Ballagh, wife of the petitioner William D.

*Jan.* 20.
1845.

*Practice.
Decree;
and, opening decree.
Infant.
Mortgage.*

Ballagh, an order of reference to one of the masters of this court to compute the amount due on the said mortgage and the bond accompanying it and to take proof of the facts stated in the bill of complaint was made and entered in the said cause on the eighth day of February one thousand eight hundred and forty-three; and the report of the said master, in obedience thereto, was made on the fifteenth day of the said month of February, showing an alleged balance due on the said mortgage of fifteen thousand one hundred and fifty-three dollars and seventy-six cents. That the bill of complaint was dismissed, as against the above named Rebecca Ballagh, by an order made on the fifth day of January one thousand eight hundred and forty-three; and a decree of foreclosure against the petitioners and the other defendants and for the sale of the mortgaged premises was made and entered on the twenty-eighth day of October in the year last aforesaid. " The petitioners further show that pursuant to the said decree, the said mortgaged premises were, on the sixth day of November last, put up and sold under the direction of one of the masters of this court and the same were, then, struck down and sold to James M. Waterbury for the price or sum of four thousand dollars, &c. That no deed of the said premises so sold has been, as yet, executed and delivered to the said James M. Waterbury, nor has the said James M. Waterbury paid the purchase monies, except the ten per cent payable by the terms of sale, but the said James M. Waterbury has declined to pay the same and to complete the said purchase on the ground of a defect of title. The petitioners further show that the said decree was absolute against the petitioners and allowed them no day to show cause against it, if they should be so advised, after arriving at the age of twenty-one years respectively. The petitioners further show that the decree is fraudulent as against them. That the bill does not show or allege that the property embraced in the said alleged mortgage was the property of James Ballagh, the father of the petitioners or that it was mortgaged as such by his executors and executrix—nor does the said bill show or allege that the petitioners were the children and heirs at law of the said James Ballagh or what was the

"nature or character of the title and interest of the petitioners in the mortgaged premises which the bill prayed might be foreclosed, nor do any of the pleadings in the cause show what was the interest of the petitioners in the mortgaged premises, nor was any evidence produced before the master in chancery or in this cause to show the interest of the petitioners in the said mortgaged premises, nor was any evidence produced or given to show any authority in the said executors and executrix of the said James Ballagh to execute the said mortgage. The petitioners further show that the said James Ballagh, their father, was seized in his demesne as of fee and in possession of the property embraced in the said alleged mortgage at the time of his death ; and that, being so seized and possessed, he made and executed his last will and testament of which they have annexed hereunto a copy, &c. The petitioners further show that the execution of the said mortgage was procured by the said George D. Strong, one of the executors of James Ballagh and one of the defendants in this cause to himself by fraud and in direct breach of his trust as executor and trustee under the last will and testament of the said James Ballagh to cover and secure an alleged debt due to him, the said George D. Strong, either personally or as executor. The petitioners further show that they are advised that there is no power contained in the said last will and testament of the said James Ballagh, authorizing the execution of the said mortgage by his executors and executrix ; and that the said mortgage is void, both at law and in equity, against your petitioners. They further show that the said the guardian *ad litem* of the petitioners was ignorant of and altogether unacquainted with the title and rights of the petitioners in the premises embraced in the said alleged mortgage ; and, therefore, no defence setting forth their title and rights was made by him in the answer filed for the petitioners—nor was there any evidence offered or produced by him to establish the rights of the petitioners and the validity of the said mortgage. The petitioners further show that by reason of the said mortgage being void, both at law and in equity, the petitioners are advised that they have a full and ample defence against the said bill and that no

" decree ought to have been rendered against them or either of them, nor for the sale of the said mortgaged premises. They further show that the petitioner, William D. Ballagh, arrived at the age of twenty-one years on the second day of May last; and that the petitioner, Thomas D. Ballagh, is still an infant. And they further show that George S. Ballagh, a brother of your petitioners and named in the said last will and testament of their said father, died on the third day of June one thousand eight hundred and forty-two intestate and unmarried, he being, then, an infant about sixteen years old; and that the petitioners are the only heirs at law of the said James Ballagh, deceased.

They, therefore, pray that the enrolment of the said decree may be opened ; the decree and the order for reference to the master and his report thereon set aside ; and that they be at liberty to file a further and better answer to the said bill of complaint or for such other and further order in the premises as may seem meet and proper and as may be necessary to enable them to protect their rights in the premises."

Mr. *Bayard*, for the petitioners.

Mr. *D. Marvin* and Mr. *Noyes*, contra.

Mr. *Crapo*, for the purchaser Waterbury.

Mr. *Bonney*, for a special receiver.

*March.*　　　THE VICE-CHANCELLOR :—It is not probable that the petitioners can ever derive any benefit from the property covered by the mortgage in question, even though it should be found not to affect their title or interest as remainder-men under the will of their father : it appearing from the affidavits and papers read in opposition that the debts of the father and the support the children have had since his death have more than absorbed the whole estate. Still, that is not properly the question at this time. The point is, whether this mortgage can be used to extinguish their title as devisees?

The executors had no right to mortgage the real estate, unless by some power or authority conferred on them by the will. There is a power to convert into money portions of the real estate, in order to make up a deficiency of the income for the support of the wife and children. So, there is a power to dispose of the real estate for the purpose of investing the proceeds in other securities for their benefit. But it is very questionable, whether the giving of this mortgage can be considered as within either of those powers? and, under the circumstances, these petitioners ought to have the opportunity of being heard on that point.

Although the guardian *ad litem* might and ought to have raised the point, had he been aware of the facts, yet, he has not done so. It is not, however, too late for these parties to be let in to make a defence, by an opening of the enrolment and setting aside the decree: *Millspaugh* v. *McBride*, 7 Paige's C. R. 509 ; *Tripp* v. *Vincent*, 8 Ib. 176.

This course seems to be the more necessary and proper in order to insure a good title to a purchaser against these children and devisees. Under the present decree and the master's sale which has been made, the purchaser objects to the title : having had notice that these petitioners meant to contest the validity of the mortgage ; and until there is a decision on the merits in relation to the mortgage, I consider that the court would not compel the purchaser to take.

Ordered, that the enrolment be opened and the decree vacated ; and that the petitioners have leave to answer *de novo*, setting up the defence of the invalidity of the mortgage as against them and that the master refund the purchase money paid by the purchaser. Costs to abide the event.